UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARINER FINANCE
FLORIDA, INC., a Florida corporation,

    Petitioner,                              Case No.

v.

MARTIN McNAMEE,

    Respondent.
_____/

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner, Mariner Finance Florida, Inc. (hereinafter "Mariner") by and through its undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and the Federal Arbitration Act, hereby files this, its Petition to Confirm Arbitration Award, and states as follows:

**Background Facts**

1. On or about December 12, 2019, Martin McNamee initiated an arbitration against Mariner before the American Arbitration Association (hereinafter "AAA"). The Acknowledgement of a New Case sent to Mariner by AAA is attached hereto and incorporated herein as *Exhibit A*.

2. The American Arbitration Association was selected by the parties in accordance with their arbitration agreement (hereinafter "Arbitration Agreement"). Attached hereto and incorporated herein as *Exhibit B* is a true and correct copy of the Arbitration Agreement.

3. In accordance with its procedures, AAA appointed Lewis G. Brewer as the arbitrator for this matter. A Scheduling Order was then entered that established deadlines and set the Final Hearing on October 22, 2020.

4. On or about June 18, 2020, counsel for McNamee filed an Amended Statement of Claims with AAA and on July 6, 2020, Mariner filed its Answer and Counterclaim with AAA.

5. The Final Hearing scheduled for October 22, 2020, was continued by the Arbitrator and set for April 29, 2021.

6. Shortly before the April 29, 2021, Final Hearing McNamee requested that the hearing be rescheduled and the Arbitrator granted this request, moving the Final Hearing to September 28, 2021.

7. The parties attended an in-person Final Hearing on September 28, 2021, and subsequently presented written closing arguments to the Arbitrator.

8. On October 28, 2021, the Arbitrator issued an Interim Award finding in favor of Mariner on all claims and retaining jurisdiction to determine the amount of attorneys' fees and costs to be awarded to Mariner based on the contract between the parties. Attached hereto and incorporated herein as ***Exhibit C*** is a true and correct copy of the Interim Award.

9. As more fully set forth in the Interim Award's factual findings, the underlying dispute arose after Mariner sent McNamee a loan by mail package to his address in Palm Beach Gardens, Florida. The check that was included in the loan by mail package was endorsed by McNamee and cashed at his local bank in Florida.

10. Because Mariner prevailed on the merits of the dispute in the Interim Award, the Arbitrator required further briefing on the issue of attorney's fees and costs.

11. After submission of the necessary attorneys' fees and cost evidence and consideration of the opposition filed by McNamee, the Arbitrator entered a Final Award on November 30, 2021. Attached hereto and incorporated herein as ***Exhibit D*** is a true and correct copy of the Final Award of the Arbitrator.

12.     No further papers directed toward the Interim Award or the Final Award were filed in the Arbitration and the time for doing so has now passed.

13.     Based on the forgoing, Mariner is entitled to have the Interim Award and the Final Award confirmed by this Court.

## Jurisdiction and Venue

14.     This Court has jurisdiction because McNamee raised claims against Mariner under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681 et seq., in the arbitration which triggers Federal Question Jurisdiction.  (See Interim Award at page 2) Further, the facts found by the arbitrator indicate that the check was mailed to a Palm Beach Gardens, Florida address and cashed at a Florida bank by McNamee.  (Id.)

## Basis for Confirmation of Award

15.     As stated above, the parties submitted their dispute to binding arbitration and the arbitrator fully and completely resolved all disputes between them via the Interim Award and Final Award.

16.     The underlying transaction between McNamee and Mariner involved interstate commerce and the Arbitration Agreement expressly provided that the Federal Arbitration Act (hereinafter "FAA") governed the relationship between Mariner and McNamee.

17.     Section 9 of the FAA provides that a party may apply to a district court for an order confirming an arbitration award if made within one year of the award and "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11" of the statute.

18.     This Petition is being filed within one year of the Interim Award and Final Award.

19. Mariner is entitled to have the Interim Award and Final Award confirmed by this Court and to have a Judgment entered in its favor against McNamee.

WHEREFORE, Mariner respectfully requests that this Court enter an Order confirming the Initial Award and the Final Award and enter a Final Judgment in Mariner's favor the amount of $33,075.63 together with the attorney's fees and costs associated with the confirmation of the Awards.

Dated: March 15, 2022

*s/ Robert E Sickles, Esq.*
Robert E. Sickles, Esq.
Florida Bar No. 167444
robert.sickles@dinsmore.com
DINSMORE & SHOHL LLP
201 North Franklin Street, Suite 3050
Tampa, FL 33602
Phone: (813) 543-9848
*Counsel for Petitioner*